UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID RICHARD DANCE,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C17-0156RSM

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), which he also calls a Motion for Reconsideration. Dkt. #21. Petitioner asserts that the Court committed a clear error in finding that he compounded and nearly tripled the losses suffered by his clients and victims after he became aware of the Amendola fraud on July 21, 2011. *Id.* The government opposes the motion on the grounds that is untimely and introduces no new facts or law not already considered by the Court previously. Dkt. #22. For the reasons set forth below, the Court DENIES the motion.

On February 2, 2017, Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. # 1. Petitioner challenged the 48-month sentence imposed on him by this Court after he pleaded guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343, on the basis of ineffective assistance of counsel. *USA v. Dance*, CR15-0349RSM at Dkts. #6, #10 and #17. On August15, 2017, the Court denied Petitioner's motion. Dkt. #20. The instant motion followed on September 12, 2017. Dkt. #21.

ORDER
PAGE - 1

The Court first addresses the timeliness of the motion. A motion for relief from judgment under Federal Rule of Civil Procedure Rule 59(e) must be filed within 28 days of the entry of judgment, and should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted); Fed. R. Civ. P. 59(e). After the denial of Petitioner's motion under Section 2255, there was no Judgment entered against Plaintiff because no Judgment was required. Accordingly, Rule 59(e) is inapplicable.[1]

To the extent that Petitioner intended this motion to be one for reconsideration under Local Civil Rule 7(h), the motion is untimely, as such motions "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h). However, to the extent that Petitioner intended this motion to be one for reconsideration under Local Criminal Rule 12(b)(10), that Rule does not set forth the timing to make such motion, and it is therefore arguably timely. *See* LCrR 12(b)(10). Accordingly, in an abundance of caution, the Court will address Petitioner's motion.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCrR 12(b)(10). In his current motion, Petitioner essentially reiterates the same arguments he made in his initial motion with respect to the alleged miscalculation of the actual losses suffered by his clients and victims. *Compare* Dkt. #1 *with* Dkt. #21. The Court considered

---

[1] Moreover, the most recent Judgment against Petitioner in his criminal case was April 5, 2017. Case No. CR15-0349RSM, Dkt. #53. Thus, any Rule 59(e) motion related to that Judgment would be untimely.

ORDER
PAGE - 2

those arguments and rejected them as discussed in its Order. *See* Dkt. #20. Nothing presented by Petitioner in the instant motion reflects a clear error in that decision, or persuades the Court that it made any error in reaching its decision.

Accordingly, the Court hereby finds and ORDERS that Petitioner's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #21) is DENIED.

DATED this 4 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3